IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| BETTER BROWSING LLC, | Civil Action No. 2:23-cv-00571 |
|---|---|
| c, | |
| v. | |
| TOSHIBA CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Better Browsing LLC ("Better Browsing" or "Plaintiff") files this Complaint against Defendant Toshiba Corporation (collectively "Defendant" or "Toshiba") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action against Defendant for infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO").

|    | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| A. | 11,150,779 | Systems And Methods For Providing An Internet Browser Zoom And Group Bookmark Functions | https://patentcenter.uspto.gov/applications/16361020<br><br>https://patents.google.com/patent/US11150779B2/en?oq=11%2c150%2c779 |
| B. | 8,838,736 | Internet Browser Zoom Function | https://patentcenter.uspto.gov/applications/13207333<br><br>https://patents.google.com/patent/US8838736B2/en?oq=8%2c838%2c736 |

2. Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

3. Plaintiff Better Browsing LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Austin, Texas (Travis County).

4. Better Browsing is the owner of the Asserted Patents with all rights to recover for all past, present, and future infringement, including past damages.

5. On information and belief, Defendant Toshiba Corporation is a corporation organized and existing under the laws of Japan. Its headquarters are located at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

6. On information and belief, Defendant designs, manufactures, imports, distributes, offers to sell and/or sells devices that infringe the Asserted Patents directly and through its direction and control of its United States affiliates.

## JURISDICTION AND VENUE

7. Better Browsing repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

8. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

9. Defendant is subject to this Court's personal jurisdiction consistent with the principles of due process and the Texas Long Arm Statute. Tex. Civ. Prac. & Rem. Code §§ 17.041, et seq.

10. On information and belief, jurisdiction and venue for this action are proper in this District.

11. This Court has personal jurisdiction over Defendant because it has done and continues to do business in Texas and has committed and continue to commit acts of patent infringement in

Texas, including making, using, offering to sell and/or selling accused products in Texas, and/or importing accused products into Texas, both directly and through its wholly controlled agents, and/or inducing others to commit acts of patent infringement in Texas.

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction in this Judicial District and has committed acts of patent infringement in this Judicial District. Defendant, through its own acts and/or through the acts of its agents and wholly owned subsidiaries, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, imports infringing products into this District, and has the requisite minimum contacts with the Judicial District, such that this venue is fair and reasonable.

13. Venue is proper against Toshiba Corporation pursuant to 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b) because venue is proper in any judicial district against a foreign corporation. *See In re: HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

## THE ACCUSED PRODUCTS

14. Better Browsing repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

15. Toshiba makes, has made, uses, causes to be used, imports, provides, supplies, distributes, or offers computer products, including, but not limited to, the Toshiba Chromebook and Toshiba Dynabook, both of which come preloaded with either the Google Chrome or Microsoft Edge internet browser software.



*Fig 1*. Screenshot of user review of the Toshiba Dynabook displaying the Microsoft Edge software preloaded on the device.[1]

16.     Based upon public information, Toshiba owns, operates, advertises, controls, sells, imports, and/or offers for sale, and instructs its subsidiaries, affiliates, and end users to use the hardware, software, and functionality that allows users to use the Google Chrome or Microsoft Edge internet browser to operate and display web browser functions, including group bookmarking and web page zooming (the "Accused Products").

---

[1] *See* https://www.youtube.com/watch?v=TwP0DFirin8



*Fig 2A.*  Screenshot of Microsoft Edge user interface for group bookmarking all presently open tabs.



*Fig 2B.*  Screenshot of shortcut icon for group bookmark created in Figure 2A.



*Fig 2C.* Screenshot of additional group bookmarking functionalities found in the group bookmark manager tab in Microsoft Edge.



*Fig 2D.* Screenshot of zoom icon in Microsoft Edge, which enables zoom functionality.

17. The Accused Products are available for sale at various retailers in this District, including, but not limited to, Best Buy and Walmart. Users may begin using the Google Chrome or Microsoft Edge internet browser immediately after purchase.

**COUNT I:   INFRINGEMENT OF U.S. PATENT NO. 11,150,779**

18. Better Browsing repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

19. The USPTO issued U.S. Patent No. 11,150,779 (the "'779 patent") on October 19, 2021, after a full and fair examination of Application No. 16/361,020, which was filed on March 21, 2019.

20. Better Browsing owns all rights, interest, and title in and to the '779 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers, and to collect damages for all relevant times.

21. The claims of the '779 patent are not directed to an abstract idea. For example, claim 1 of the '779 patent recites a specific and multi-step method to operate zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains *via* a network. The claimed inventions of the '779 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the experience of accessing and viewing pages on the Internet and operating a web browser concurrently connected to a plurality of website domains.

22. The written description of the '779 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23. Toshiba has directly infringed the '779 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

24. Toshiba has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '779 patent.

25. The method performed and supplied by the Accused Products includes the steps of: A computerized method for operating zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains *via* a network, the computerized method comprising: loading, by the web browser, in a web browser instance, a plurality of webpages comprising text and image content, each webpage corresponding to a website from the plurality of website domains to which the browser is concurrently connected; receiving a user indication of a selection of a webpage, from among the plurality of webpages, and in response to receipt of such indication, causing the web browser to display the selected webpage in an active window of the web browser instance; displaying a zoom icon in a web browser display, wherein said zoom icon directly controls a zoom function for the selected webpage displayed in the active window of the web browser, wherein appearance of the zoom icon indicates a current zoom factor for said webpage; receiving a user indication of a selection of said zoom icon and, in response to receipt of such indication causing the web browser to perform the following actions for the selected webpage displayed in the active window of the web browser: change the current zoom factor for the selected webpage displayed in the active window without altering another of said plurality of webpages; and change appearance of the zoom icon to indicate the changed zoom factor for said selected webpage; wherein changing the zoom factor enlarges or makes smaller the selected webpage displayed in the active window without altering another of said plurality of webpages; displaying a selectable group bookmark icon in the web browser display, wherein said group bookmark icon controls a group bookmarking function for the plurality of webpages associated with the plurality of website domains to which the browser is concurrently connected; receiving a

user indication of a selection of said group bookmark icon and, in response to receipt of such indication, causing the web browser to perform the following actions: generate a group bookmark comprising a data structure storing at least the plurality of uniform resource locators associated with the plurality of website domains to which the web browser is concurrently connected; and save the generated group bookmark in memory.

26. For instance, Toshiba, using the Accused Products, makes, has made, uses, provides, supplies, distributes, sells, markets, or offers the Google Chrome or Microsoft Edge browser that performs a method of operating zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains *via* a network.

27. Better Browsing has been damaged as a result of the infringing conduct by Toshiba alleged above. Toshiba is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28. Better Browsing has been damaged as a result of the infringing conduct by Toshiba alleged above. Thus, Toshiba is liable to Better Browsing in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Better Browsing or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '779 patent.

## COUNT II:   INFRINGEMENT OF U.S. PATENT NO. 8,838,736

30. Better Browsing repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

31. The USPTO issued U.S. Patent No. 8,838,736 (the "'736 patent") on September 16, 2014, after a full and fair examination of Application No. 13/207,333, which was filed on August 10. 2011.

32. Better Browsing owns all rights, interest, and title in and to the '736 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers, and to collect damages for all relevant times.

33. The claims of the '736 patent are not directed to an abstract idea. For example, claim 1 of the '736 patent recites a method to operate zoom function on a web browser. The claimed inventions of the '736 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the experience of accessing and viewing pages on the Internet and operating a web browser concurrently connected to a plurality of website domains.

34. The written description of the '736 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

35. Toshiba has directly infringed the '736 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

36. Toshiba has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '736 patent.

37. The methods performed and supplied by Toshiba includes a method for a zoom function on a web browser, comprising: presenting to a user an icon shown on a web browser display wherein said icon directly controls a zoom function (hereinafter: the zoom icon) for webpages displayed in at least an active window, wherein appearance of the zoom icon indicates a current zoom factor; wherein a selection of said zoom icon directly causes the web browser to perform both the following actions: changing zoom factor for one or more selected webpages displayed in said at least an active window; and changing appearance of the zoom icon to indicate the current zoom factor for said one or more selected webpages..

38. For instance, Toshiba, using the Accused Products, makes, has made, uses, provides, supplies, distributes, sells, markets, or offers the Google Chrome or Microsoft Edge browser that performs a method of operating zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains *via* a network.

39. Better Browsing or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '736 patent.

40. Since at least the time of receiving this Complaint, Acer has also indirectly infringed and continues to indirectly infringe the '736 patent by inducing others to directly infringe the '736 patent. Acer has induced and continues to induce end-users, including Acer's customers, as well as affiliates, subsidiaries, franchisees, and Acer's employees, to directly infringe, either literally or under the doctrine of equivalents, the '736 patent by downloading and/or using the Accused Products. Acer took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '736 patent, including, for example, claim 1 of the '736 patent. Such steps by

Acer include, among other things, advising or directing personnel, contractors, affiliates, subsidiaries, franchisees, or end-users to make or use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Acer is performing these steps, which constitutes induced infringement with the knowledge of the '736 patent and with the knowledge that the induced acts constitute infringement. Acer is aware that the normal and customary use of the Accused Products by others would infringe the '736 patent. Acer's inducement is ongoing.

41. Acer has also indirectly infringed by contributing to the infringement of the '736 patent. Acer has contributed to the direct infringement of the '736 patent by its personnel, contractors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '736 patent, including, for example, claim 1 of the '736 patent. The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method to operate zoom functions in a web browser. The special features constitute a material part of the invention of one or more of the claims of the '736 patent and are not staple articles of commerce suitable for substantial non-infringing use. Acer's contributory infringement is ongoing.

42. Better Browsing has been damaged as a result of the infringing conduct by Toshiba alleged above. Toshiba is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43. Better Browsing has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Better Browsing has and will continue to suffer this harm by virtue of Toshiba's infringement of the '736 patent. Toshiba's actions have interfered with and will interfere with Better Browsing's ability to license technology. The balance of hardships favors Better Browsing's ability to commercialize its own ideas and technology. The public interest in allowing Better Browsing to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

44. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

45. WHEREFORE, Better Browsing requests that the Court find in its favor and against Toshiba, and that the Court grant Better Browsing the following relief:

   a. Judgment that one or more claims of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Toshiba and or all others acting in concert therewith;

   b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '736 patent, or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '736 patent by such entities

c. Judgment that Toshiba account for and pay to Better Browsing all damages to and costs incurred by Better Browsing because of Toshiba's infringing activities and other conduct complained of herein;

d. Judgment that Defendant's infringement of the '736 patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Toshiba's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Better Browsing its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>December 6, 2023</u>

Respectfully submitted,

By: <u>/s/ C. Matthew Rozier</u>

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH, PLLC**
500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088) *
Jonathan R. Miller (GA507179) *
Travis E. Lynch (GA 162373) *
**ROZIER HARDT MCDONOUGH, PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone (404) 564-1866, -1863, -1862
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH, PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (737) 295-0876
Email: hardt@rhmtrial.com

**Attorneys for Plaintiff, BETTER BROWSING LLC**

*Admitted to the Eastern District of Texas